UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| EDAZ REDDEN, | ) |
|         Plaintiff, | ) |
| -v- | ) Civil Action No. _____ |
| JAY WAYNE JENKINS, | ) |
|         Defendant. | ) |

**COMPLAINT**

Plaintiff Edaz Redden ("Plaintiff") alleges as follows:

**NATURE OF ACTION**

1. This is an action for copyright infringement. It arises from the unauthorized copying, distribution, public performance, and other uses by Defendant Jay Wayne Jenkins ("Defendant"), who performs under the stage name of Young Jeezy, of Plaintiff's original composition "I Ball, I Stunt."

**PARTIES**

2. Plaintiff Edaz Redden is an individual who is domiciled in Chicago, Illinois.

3. On information and belief, Defendant is an individual who is domiciled in Fulton County, Georgia.

**JURISDICTION AND VENUE**

4. This Court has jurisdiction because (i) this action arises under the Copyright Act, 17 U.S.C. § 101 *et seq.*, and jurisdiction is specifically conferred by 28 U.S.C. §§ 1331 and 1338(a) and (b), and (ii) and (ii) this is an action between citizens of different states in which the value of the amount in controversy exceeds seventy-five thousand dollars ($75,000.00), exclusive of interest and costs, jurisdiction being conferred in accordance with 28 U.S.C. § 1332.

-2-

5. Venue is proper in this Court under 28 U.S.C. § 1391(b)(2) in that a substantial part of the events giving rise to the claims occurred in this judicial district, including Defendant promoting, selling, and distributing sound recordings and videos featuring his unauthorized use of Plaintiff's composition, as well as Defendant performing concerts in this judicial district.

**FACTS**

6. Mr. Redden is a songwriter and musician.

7. In 2007, Mr. Redden wrote the lyrics composition "I Ball, I Stunt." He is the sole author of this composition. He obtained a copyright registration for this composition, No. PAu 3-754-756, which has a registration date of August 7, 2013. (Attached as Exhibit A.)

8. Mr. Redden has not released a recording of "I Ball, I Stunt." After he wrote the lyrics for "I Ball, I Stunt," Mr. Redden recorded a demo version of the composition. In approximately December 2010, Mr. Redden e-mailed this recording to Kyle Smith. Mr. Redden did not give Mr. Smith authorization to copy, record, or otherwise use the composition, nor did Mr. Redden give Mr. Smith authorization to give any other party the right to use the composition.

9. On information and belief, Mr. Smith had collaborated in recordings with Kenneth Campbell, who performed under the stage name Scrilla. Mr. Campbell was once signed to a recording contact with Defendant's record label CTE World.

10. After Mr. Redden provided the demo of "I Ball, I Stunt" to Mr. Smith, a version of "I Ball, I Stunt" featuring Defendant and Mr. Campbell was recorded and posted on Defendant's YouTube account in May 2011 (see attached Exhibit B), and was subsequently released as a single and as part of at least one album under Defendant's name.

11.     For example, a recording of "I Ball, I Stunt" by Defendant with a release date of December 16, 2014, is currently for sale on Amazon.com. (See attached Exhibit C.)

12.     The version of "I Ball, I Stunt" recorded and released by Defendant copies elements of Mr. Redden's copyrighted composition, including the primary and repeated chorus "I ball, I ball, I stunt, I stunt."

13.     Mr. Redden did not give permission to Defendant to record, distribute, or otherwise use his composition "I Ball, I Stunt."

## COUNT I
## COPYRIGHT INFRINGEMENT — 17 U.S.C. § 501

14.     Plaintiff repeats and realleges the allegations contained in Paragraphs 1 through 13 as if fully set forth herein.

15.     Plaintiff is the exclusive owner of the copyright to the original composition "I Ball, I Stunt."

16.     Defendant has infringed Plaintiff's copyright to this composition "I Ball, I Stunt" through at least his unauthorized copying, distribution, and public performance of the composition.

17.     Defendant had access to Plaintiff's composition "I Ball, I Stunt" prior to Defendant's unauthorized and infringing uses of the composition.

18.     Defendant's actions have irreparably damaged and, unless enjoined, will continue to irreparably damage Plaintiff. Plaintiff has no adequate remedy at law for these wrongs and injuries. Plaintiff is, therefore, entitled to a preliminary and permanent injunction restraining and enjoining Defendant and his agents, servants, employees, attorneys, and all persons acting in concert with him, from infringing the Plaintiff's copyright.

19.     Defendant has willfully infringed Plaintiff's copyright.

20. Plaintiff is entitled to recover damages sustained as a result of Defendant's unlawful conduct, including (1) Defendant's profits or (2) Plaintiff's damages, or alternatively, at Plaintiff's election, (3) statutory damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment:

A. Preliminarily and permanently enjoining Defendant, his agents, servants, employees, attorneys, and all those acting in concert with him, from infringing the Plaintiff's copyright;

B. Awarding Plaintiff his damages or Defendant's profits, or alternatively, at Plaintiff's election, statutory damages, as a result of Defendant's infringement of Plaintiff's copyright;

C. Awarding Plaintiff his costs and reasonable attorney's fees in this action; and

D. Awarding Plaintiff such other and further relief as the Court deems just and proper.

DATED: December 2, 2015             Respectfully submitted,

By: *s/Jason Koransky/*
   Phillip Barengolts (Ill. Bar No. 6274516)
   Jason Koransky (Ill. Bar No. 6303746)
   PATTISHALL, MCAULIFFE, NEWBURY, HILLIARD
   & GERALDSON LLP
   200 South Wacker Drive, Suite 2900
   Chicago, Illinois 60606
   Telephone: (312) 554-8000
   Facsimile: (312) 554-8015
   *pb@pattishall.com*
   *jmk@pattishall.com*

*Attorneys for Plaintiff*